GLASSCOCK

*v.*

WELCH, &c.

(*Supreme Court of Appeals of Virginia, January, 1879.*)

[Virginia Law Journal, 1879, p. 53.]

Sale of Land—Payment of Purchase Price—Confedérate Money—
   Case at Bar.

James K. Skinker drew his check, dated "Broad Run Station,"
January 4, 1861 (the year was by mistake written 1861 for 1862),
for $2,100, payable to the order of Henry Glasscock, and delivered it
to the latter. On the 8th of March, 1862, Glasscock endorsed the
said check to Sylvester Welch, in part payment of a tract of land
purchased on that day from him. At the time the check was
drawn, and at any period of the war, the drawer Skinker had suffi-
cient Confederate money (but no other kind) in bank to meet it,
and the evidence shewed that it was expected by Glasscock, when
the check was given, that it was to be paid in Confederate cur-
rency; indeed, nothing was said about the kind of currency in
which it was to be paid, but at that time, Confederate money was
the prevailing currency of the state, and nearly all checks on the
banks were paid in it. When the check was handed by Skinker to
Glasscock, he said he didn't know what he could do with the
money, when it was suggested by the wife of Skinker, that
Glasscock had better buy with it Welch's farm; and then G. asked
S. to go and see W. and make an offer to purchase his farm, by
giving him the check which S. had given him, and $1,000 which
W. owed G., and that he (G.) would give him his bond for the
residue of the purchase money of the land at the price of $30.05
per acre, the price paid by Welch for the same. On the same day
that the check was drawn, and this conversation had between
Skinker and Glasscock, the former went down and submitted the
latter's proposition to purchase, to Welch, to which Welch replied
that he would go down in a day or two and see Glasscock and

close the bargain with him. On the said 8th of March, 1862, the contract between Glasscock and Welch for the sale of the farm was closed—Glasscock giving Welch a bond which he held of his for $1,000, the check of Skinker for $2,100, and his (G.'s) bond, payable six years after date, for $1,197.15, the balance of the purchase money for the farm at the price of $30.05 per acre. G. then demanded of W. a deed for the land, which W. said he would execute to him as soon as his vendors had made him a deed, which he did not then have; but he said he would give G. a receipt for the whole purchase money, which he did, treating the check and $1,000 bond as so much money, and put him in possession of the farm. The check was not presented to the bank for payment for six months after Welch got possession of it. When it was so presented, payment was demanded in specie, but this was refused by the bank, which offered, at the same time, to pay it in Confederate money. This Welch declined to receive, claiming that he had not sold his land for Confederate money. He alleged this, but failed to establish it, the preponderance of the evidence showing that nothing was said about the kind of money in which the purchase was made, and that he understood the check to be payable in Confederate money. Suit was brought by Welch against Skinker on the check, but he was held not to be liable, because payment of it was declined by the holder, as before stated.

### Same—Same—Same—Bill for Specific Performance of Trust.

On a bill filed by Glasscock against Welch for specific performance of the contract of the sale, the circuit court held that he was not entitled to the same. On an appeal to the supreme court of appeals: *held*:

The check drawn by Skinker was payable in Confederate money; it was received by Glasscock as such, endorsed by him to Welch with the same understanding; and if there was a different understanding and agreement, it should have been so expressed at the time; that upon the payment by Glasscock to Welch of the amount due on the bond given for $1,197.15, payable at six years, he is entitled to a deed with general warranty from Welch for the tract of land purchased as aforesaid.

There were other questions in the case, but this was the only one decided by the court.

The facts and points decided are sufficiently stated in the headnotes.

*Jno. S. Mosby*, for the appellant.

*Jones & Bouldin* and *John A. Meredith*, for the appellees.

MONCURE, P., delivered the opinion of the court, in which the other judges concurred.

Decree reversed on point above indicated.

1 Va Dec—22